The facts in this case are but few. The question is whether Daniel is bound to pay the full amount which the note given by Lucas to him calls for or only a moiety of that sum. I think the same principles should govern the case as if it was decided in a court of law, because the reason why this court assumes jurisdiction is that Daniel, owing to particular circumstances, did not make a defense at law.
When the note was given to Daniel there was no obligation on Lucas to pay it, because it was given on no consideration; the same remark may be made when it was indorsed by Daniel to McRae. McRae could not have effected a recovery against Daniel, because he had given nothing for it; nor was there any liability upon any person, after the indorsement, for accommodation made by McRae, until it was accepted by the bank, and by them discounted. At that time Lucas became absolutely bound to pay it, and both McRae and Daniel became securities for him. Lucas became bound because he received the money from the bank; McRae and Daniel became bound as his securities because he received it by their means and at their request. When McRae paid the debt to the bank he paid it as the security of Lucas. Had he *Page 332 
purchased the note from Daniel for value, and then indorsed it to the bank for value, and had either he or Lucas, by his consent, received the money raised upon it, and then Lucas had failed, and he had (601) been obliged to pay the money due to the bank, there could be no doubt but he could recover the full amount against Daniel. There would be the same result if he had paid for the note to Lucas, by the consent of Daniel. In either of these cases he would have had a remedy upon Daniel's indorsement for full indemnity, and this remedy would be authorized by the well known rules of law established in the mercantile world, with regard to bills of exchange and negotiable papers. I admit that the form of the note and the indorsements on it, without going further, would lead to the same remedy. Every indorsement is a prima facie evidence of a purchase of the note; but the contrary may be shown. In the present case it appears that McRae gave nothing for the note, and when he indorsed it he stood in the same situation with Daniel; it never had belonged to either of them when the bank discounted it and paid the money to Lucas; it was, in their hands, evidence of a debt both against the maker and the indorsers, and they had their remedy accordingly. If either indorser paid it, he had a remedy against Lucas for the full amount, but against the other indorser for a moiety only, and that upon a principle of justice and equity that, as they both stood in the same situation as cosureties, there could be no reason why one should be compelled to bear a greater burden than the other; their indorsements were both gratuitous, and on that account when made, a prius or posterius, gave no rule of liability.
It may be further observed that had not McRae or some other person indorsed the note Daniel's liability would have never happened, for the bank would not receive it without another indorser.
It is said that in a case similar to the present the court, in giving judgment for the plaintiff, relied upon the cases of Smith v. Knox, 3 Esp., 46, and Charles v. Marsden, 1 Taunt., 224. I allude to Brown v. Mott, 7 Johnson, 361. In both those cases the plaintiffs, the indorsees, were purchasers of the bill for valuable consideration; that was not the case here. McRae paid nothing for the note until he paid the debt due the bank as security in consequence of his indorsement for the accommodation of Lucas.
There can be no doubt but that the transaction may be looked at as it really happened. 15 East, 222; Wright v. Latham, 7 N.C. 298.